Allread, J.
It has been settled by the Supreme Court, that error may be prosecuted to an order refusing to dissolve a temporary injunction. Burke v. Railway Co., 45 Ohio St. 631.
The question is, 'therefore, one of conflict of injunction, sphere.is no doubt that by the commencement of the action *658 in the probate court, by the assignee against all the parties? in interest, if not indeed from the qualification of the assignee, the probate court was invested with full and ample-jurisdiction of the sale of the real estate,, unless prior to the-filing of such deed and qualification of such assignee the common pbas court had obtained such jurisdiction..
This brings us to the important question: what jurisdiction did the common pleas acquire by the attachment proceedings ?
The action below was for money. The attachment proceedings was auxiliary merely.
The main case, namely the money demand,must be tried' free from complicated issues made by third-parties as to their rights to the property seized in tile' auxiliary proceedings.' Gates v. Penn. Land and Lumber Co., 9 Ohio C. C. 378.
Upon the termination of the action by a judgment, the-creditor may enforce his attachment bya sale of the attached property. If, however, the property was incumbered at thetimé of the levy by mortgages or liens, other than attachments provided for in section 5559, Revised Statutes, the .property can not be sold -upom the attachment levy without an action. Section 5464, Rev. Stat.; Baird v. Kirtland, 8 Ohio, 23; Seymore v. King, 11 Ohio, 342; Stone v. Strong, 42 Ohio St. 53-55.
The mortgages can not properly intervene in the attachment case.
This was distinctly held in the case-of Endel v. Leibrok, 33 Ohio St. 234. There the mortgagee became a party bathe attachment case, and filed a cross-petition to foreclose his mortgage. It was said that such practice was not proper,, and that no jurisdiction to foreclose the mortgage could be obtained unless -the proper steps were taken as in an independent action, to secure such jurisdiction.
It must, therefore, be apparent that the comrnoh pleas ira *659 the case below did not have full jurisdiction of the sale of the real estate of Samuel Gray at the time of the qualification of the assignee.
Devor & Devor, for plaintiff in error.
Knox, Martz & Rupe, contra.
Such attachment creditor could only acquire such jurisdiction after judgment, by an independent, action, or by a supplemental proceeding having the same effect.
The probate court having first acquired jurisdiction to ad- • minister full and complete relief, was entitled to proceed.
This principle is established by the authority of Dwyer v. Garlough, 31 Ohio St. 159. The mortgagee was entitled to foreclose his mortgage in the common pleas because the probate court did not then have jurisdiction to bar the contingent right of dower of the assignor’s wife. The court of common pleas alone could administer full relief.
There is another ground upon which the injunction ought to have been dissolved. The plaintiff below had an adequate remedy at law. It was its duty to defend in the action in the probate court.
At the time the supplemental petition for injunction was filed in the court below, it could have moved during the judgment term to set aside the judgment of the probate court, if taken without actual notice or if any ground existed which prevented it from defending before judgment.
We do not think that a party properly notified by publication or otherwise, in an action in a court having jurisdiction of the subject-matter, can ignore the judgment rendered therein, and have a court of equity enjoin its enforcement.
The court of common pleas erred in overruling the motion to dissolve the temporary injunction.
Judgment reversed, motion sustained and temporary injuntion dissolved.